**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| REPUBLIC STEEL, | ) | CASE NO. 5:21-cv-00103 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| BEEMAC, INC., et al., | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |
| | ) | |

Before the Court is the renewed motion of defendants, Beemac, Inc. ("Beemac") and Deemac Services, Inc. ("Deemac") (collectively, "Beemac defendants"), to transfer this action, pursuant to 28 U.S.C. § 1404(a), to a district court in Pennsylvania where two other lawsuits involving the same parties are pending. (R. 17; R. 17-1). Plaintiff Republic Steel ("Republic") opposes the motion (R. 18; see R. 9 (Opposition to Original Motion[1])), and Beemac defendants have filed a reply. (R. 19). For the reasons that follow, the renewed motion to transfer is DENIED.

---

[1] In its opposition to the renewed motion, Republic indicates that it is incorporating by reference the arguments, with the exception of those relating to personal jurisdiction, set forth in its opposition to Beemac defendants' original transfer motion. (R. 18 at PageID# 418 n.1). The Court will not permit incorporation by reference to arguments contained in other briefs and pleadings as it unnecessarily creates potential records issues and is often utilized as a means of circumventing page limits. While the Court has considered Republic's prior brief in this instance, it will not consider any such filing in the future.

**I.     BACKGROUND**

Republic is a manufacturer of "special bar quality steel" used in automobile components and industrial equipment that operates steelmaking facilities in Canton and Massillon, Ohio and in Lakawanna, New York. (R. 1-2 at ¶10). It was incorporated under the laws of Delaware, and its principal place of business is located in Canton, Ohio. (*Id*. ¶ 5). Beemac defendants are "professional trucking and logistics compan[ies] that provide[] trucking" and other related services. (*Id*. ¶¶ 11–12). Beemac is a Pennsylvania corporation and Deemac is a Pennsylvania limited liability company. (*Id*. ¶¶ 6–7; R. 7 at ¶7).[2] Both defendants maintain their principal places of business in Ambridge, Pennsylvania. (R. 1-2 ¶¶ 6–7.) "Throughout the years, Republic has reached out and engaged with [Beemac defendants] for the transportation and shipment of products to or from locations in several states, including Pennsylvania." *Beemac, Inc v. Republic Steel*, No. 2:20-cv-1458, 2021 WL 2018681, at *1 (W.D. Pa. May 20, 2021) ("Beemac Action") (quotation marks omitted); *Deemac Servs., LLC v. Republic Steel*, No. 2:20-cv-1466, 2021 WL 2018716, at *1 (W.D. Pa. May 20, 2021) ("Deemac Action").

On September 2, 2020, Beemac defendants initiated separate actions against Republic in state court in Western Pennsylvania. (*See* R. 17-5 (Notice of Removal in Beemac Action) ¶ 1; R. 17-6 (Notice of Removal in Deemac Action) ¶ 1.) Each action is premised upon a written contract for trucking services, and asserts claims for "breach of contract, unjust enrichment, fraud in the inducement, and negligent misrepresentation related to Republic's alleged non-payment for trucking services provided by [Beemac and/or Deemac] in 2019 and 2020." (R. 17-5 at ¶3; R. 17-

---

2 While the complaint avers that Deemac is an Ohio limited liability corporation, Beemac defendants allege, and Republic does not dispute (nor has it sought remand on lack of diversity), that Deemac is actually incorporated in Pennsylvania.

6 at ¶3). The Beemac Action seeks the recovery of damages for unpaid freight services in the amount of $2,232,811.50. (R. 17-5 ¶ 7.) The Deemac Action seeks to recover contract damages in the amount of $1,703,531.29. (R. 17-6 at ¶12). On September 28 and 29, 2020, the actions were removed by Republic to the United States District Court for the Western District of Pennsylvania. (*See* R. 17-5, filed 9/28/2020; R. 17-6, filed 9/29/2020). Thereafter, Republic moved to dismiss the Pennsylvania actions for lack of personal jurisdiction. *See Beemac*, 2021 WL 2018681, at *1; *Deemac*, 2021 WL 2018716, at *1.

On December 17, 2020, Republic filed the present action in the Stark County Court of Common Pleas against Beemac defendants, raising claims for breach of contract and promissory estoppel. (R. 1; R. 1-2). According to the complaint, in the summer of 2020, Beemac defendants, through Loren Dworakowski—Beemac President and Chief Executive Offer and Deemac Managing Member—agreed via a telephone call with Elizabeth Evans—Republic's Executive Vice President—to transport "all of Republic's one-way steel billet loads from Republic's Canton, OH production facility . . . to its Lackawanna, NY facility . . . at an 'all-in' rate of $750 per load." (R. 1-2 ¶ 2, *see id*. ¶¶ 15–18). Republic claims that Beemac defendants ultimately refused to honor the oral agreement, forcing Republic to make other arrangements to transport its steel at rates that were substantially higher than those agreed to by the parties herein. (*Id*. at ¶28; *see id*. at ¶¶25-27).

On January 14, 2021, Beemac defendants removed the present Ohio action to federal court. (R. 1). Beemac defendants' Answer denied the existence of the alleged oral agreement. (R. 7 at ¶4). Specifically, while they acknowledge communications between Dworakowski and Evans regarding "unspecified and potential future business opportunities", they aver that they ultimately refused to transport any more of Republic's steel given the outstanding balances on the contracts

that form the bases for the litigation in Pennsylvania. (*Id*. ¶¶ 14–15.) They further insist that it is "standard practice" for Beemac defendants to memorialize their shipping agreements with a written contact, owing to the fact that they "provide services to a wide array of customers" and must have certainty regarding the shipping requirements in order to adequately serve each customer. (R. 17-1 at 5 (citing R. 17-4 (Declaration of Loren Dworakowski) ¶ 19)). Contemporaneously with the filing of their answer in this action, Beemac defendants filed a motion to transfer the present Ohio action to the Western District of Pennsylvania. (R. 8.) On April 28, 2021, the previously assigned District Judge denied the motion to transfer without prejudice pending a ruling on Republic's motions to dismiss filed in the Beemac and Deemac Actions. (Non-document Order, 4/28/2021).[3]

On May 20, 2021, United States District Judge William S. Stickman, IV denied Republic's motions to dismiss for lack of personal jurisdiction in the above-referenced Pennsylvania actions. *See Beemac*, 2021 WL 2018681, at *1; *Deemac*, 2021 WL 2018716, at *1. In so ruling, Judge Stickman determined that "Republic purposefully availed itself of the privileges of doing business in Pennsylvania, [Beemac defendants'] claims arise out of those purposeful contacts, and the exercise of specific personal jurisdiction is consistent with traditional notions of fair play and substantial justice." *Beemac*, 2021 WL 2018681, at *9; *Deemac*, 2021 WL 2018716, at *9.

Following the ruling on the Rule 12 motions in the Pennsylvania actions, Beemac defendants renewed their motion in this case to transfer venue under 28 U.S.C. § 1404(a). In support of transfer, Beemac defendants argue that the present action is related to the actions pending in Pennsylvania because all three stem from "the same historic relationship amongst the

---

[3] This action was reassigned to the undersigned Judge on February 22, 2022.

parties" relating to the transportation of Republic's steel. (R. 17-1 at 2). They note that Judge Stickman has already devoted substantial attention to the Pennsylvania actions, which will involve the same key witnesses and necessitate examination of the "same course of dealing between the parties" that is at issue in the present Ohio action. (*Id.*) "Given that the first-filed Pennsylvania actions involve the same parties, counsel, witnesses, and overlapping facts," Beemac defendants posit that the transfer of this action to Pennsylvania "would serve judicial economy, avoid duplication and inconsistency, and allow for more efficient allocation of time and resources."[4] (*Id.*)

Republic disagrees, insisting that the Beemac and Deemac Actions are "entirely unrelated" to the present case because those Pennsylvania actions "pertain to different contracts for different services, [for which] there is no dispute as to the existence of those contracts, and there is no dispute that those services were performed." (R. 9 at 2). According to Republic, the "Pennsylvania

---

[4] While noting that the Pennsylvania actions were "first-filed," Beemac defendants do not argue in favor of application of the "first-to-file rule." In any event, the Court finds that the rule does not apply. "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should *generally* proceed to judgment." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (quotation marks and citation omitted, emphasis in original); *see Amos v. PPG Indus., Inc.*, No. 2:05-cv-70, 2005 WL 8136539, at *3 (S.D. Ohio Aug. 15, 2005) (noting that "[t]ypically, the rule is invoked in cases where a plaintiff has filed similar actions against a defendant in multiple jurisdictions or where a plaintiff has filed an action against a defendant in one jurisdiction and the defendant later files an action against the plaintiff in a second jurisdiction based on the *same transaction or occurrence*") (emphasis added) (citations omitted); *see also Plating Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999) (In deciding whether the first-to-file rule applies, a court should look to three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake.). Even though the Pennsylvania actions were filed first and involve the same parties, for reasons that will be discussed below, the issues involved are not sufficiently similar to apply the rule. *See, e.g., Aero Adv. Paint Tech., Inc. v. Int'l Aero Prods., LLC*, 351 F. Supp. 3d 1067, 1072 (S.D. Ohio 2018) (first-to-file rule applied where the "ultimate issue" in both actions was the right to use the AERO trademarks).

Litigation exists not because of questions as to contractual rights or obligations, but because [Beemac defendants] have refused Republic's requests for sufficient documentation to support the full amounts they claim are owed." (*Id*.) Republic complains that the present motion represents an attempt to deprive Republic of its choice of forum in favor of a forum that is only more convenient for Beemac defendants. (*Id*. at 1).

## II. STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Section 1404(a) is intended "to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960).

Due to the permissive language in the statute, Courts have broad discretion to grant or deny a motion to transfer. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). "The party seeking transfer bears the burden of proving that the transferee district is a superior venue to the transferor district." *Phelps v. United States*, No. 1:07-cv-2738, 2008 WL 5705574, at *1 (N.D. Ohio Feb. 19, 2008).

"Typically, more than one forum could be an appropriate venue for trial and some inconvenience will exist to either party no matter which venue is chosen." *Siegfried v. Takeda Pharm. N. Am., Inc.*, No. 1:10-cv-2713, 2011 WL 1430333, at *2 (N.D. Ohio Apr. 14, 2011). Thus, if the transferring venue will merely "shift the inconvenience from one party to another," a change of venue is inappropriate. *Id*. (citation omitted); *see Van Dusen v. Barrack*, 376 U.S. 612, 645–6, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (Transfer pursuant to § 1404(a) must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.")

6

A district court decides motions to transfer on a case-by-case basis, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988), using a two-step analysis. First, the court must determine whether the case "might have been brought" in the transferee court. *Cont'l Grain*, 364 U.S. at 21. If so, the court then analyzes factors related to "the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex*, 571 U.S. 49, 62, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013).

"Factors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of unwilling, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (quoting *Piper Aircraft*, 454 U.S. at 241 n.6).

Importantly, no one factor is dispositive; rather transfer is appropriate if the balance of these factors weighs "strongly" in favor of transfer. *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 572–73 (N.D. Ohio 1988) (citations omitted). "A Court need not extensively discuss each of the [aforementioned] factors, but should instead focus its analysis on those factors that are particularly relevant to a given transfer determination." *Krawec v. Allegany Co-Op Ins. Co.*, No. 1:08-cv-2124, 2009 WL 1974413, at *4 (N.D. Ohio July 7, 2009) (citations omitted). As the parties requesting the transfer, Beemac defendants bear the ultimate burden of demonstrating that transfer is warranted. *See Roberts Metals, Inc. v. Fla. Prop. Mktg. Grp., Inc.*, 138 F.R.D. 89,

92 (N.D. Ohio 1991).

### III. DISCUSSION

#### A. Proposed Transferee Venue is Appropriate

As an initial matter, the Court must determine whether the present action could have properly been brought in the proposed transferee venue. 28 U.S.C. § 1404(a). Beemac defendants contend, and Republic does not dispute, that the Western District of Pennsylvania would have subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a) because Republic, an Ohio corporation, is completely diverse from the Beemac and Deemac companies, and the amount in controversy exceeds $75,000. (R. 1 at ¶¶8-24). Second, Judge Stickman has already determined that the Pennsylvania district court may exercise personal jurisdiction over Republic. *Beemac*, 2021 WL 2018681, at *9; *Deemac*, 2021 WL 2018716, at *9. Moreover, the parties had a longstanding business relationship, with Beemac and Deemac having transported shipments for Republic into and/or through Pennsylvania on many prior occasions. (R. 7 at ¶13; R. 17-4 at ¶5). Finally, venue is proper in the Western District of Pennsylvania because Beemac and Deemac are located there and "a substantial part of the events or omissions giving rise to the claim occurred" there. 28 U.S.C. § 1391(b)(2). (*See* R. 1-2 at ¶¶6-7). Having determined that jurisdiction and venue are proper in the proposed transferee district, the Court proceeds to weigh the interests of convenience and justice to determine whether transfer is appropriate.

#### B. Relevant Factors

1. <u>Private Interest Factors</u>

    a. *Plaintiff's Choice of Forum*

Substantial weight is given to the plaintiff's choice of forum, *U.S. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999), and that choice should not be disturbed unless the balance

8

of the § 1404(a) analysis weighs strongly in favor of transfer. *Picker Int'l*, 35 F. Supp. 2d at 573; *see Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523–24 (6th Cir. 2010) (recognizing a strong presumption in favor of plaintiff's selected forum) (quotation marks and citation omitted). However, the plaintiff's choice is not dispositive, and some courts have given less weight to a plaintiff's selected forum when (like here) the action was removed from state court. *See Silver Knight Sales & Mktg., Ltd. v. Globex Int'l, Inc.*, No. 2:06-cv-123, 2006 WL 3230770, at *4 (S.D. Ohio Nov. 6, 2006) (citing *Sky Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 289 (S.D. Ohio 2000)). "More importantly, '[t]he fact that a related action is pending in the proposed transferee district is an important consideration that can override plaintiff's choice of forum because the transfer of the second action will promote judicial economy and avoid the possibility of inconsistent results.'" *Id*. (quoting 17 James Wm. Moore, *Moore's Federal Practice*, § 111.13(1)(o)(i) (3d ed. 1997)). Accordingly, while the Court affords significant weight to Republic's chosen forum, it must carefully balance the remaining factors—paying particular attention to the most relevant public interest factor of judicial economy—to determine whether transfer is appropriate.

   b. *Convenience of Witnesses*

Typically, "[c]onvenience of witnesses is [one of] the most important factors in the transfer analysis." *Steelcase, Inc. v. Mar-Mol Co., Inc.*, 210 F. Supp. 2d 920, 939–40 (W.D. Mich. 2002) (collecting cases); *see Phelps*, 2008 WL 5705574, at *2. In weighing this factor, "residency of the key witnesses is more important than the raw number of witnesses living in a particular jurisdiction." *Phelps*, 2008 WL 5705574, at *2 (quotation marks and citation omitted). Moreover, while "'convenience to the witnesses is often recognized as the most important factor to be considered' in deciding a change of venue motion, '[i]t is the convenience of non-party witnesses,

9

rather than employee witnesses . . . that is the more important factor and is accorded greater weight.'" *Steelcase*, 210 F. Supp. 2d at 940 (quoting *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994)).

Both sides agree that the two most important witnesses to the present dispute—Dworakowski and Evans—are split between the two forums, with Dworakowski residing in Pennsylvania and Evans residing in Ohio. (R. 17-1 at 14–15; R. 9 at 11). Beemac defendants also make general reference to other unidentified employees who may be potential witnesses and reside in Pennsylvania, while Republic suggests that many anticipated employee-witnesses reside in Ohio. (R. 17-1 at 14-15; R. 9 at 11). Vague assertions by a moving party that witnesses reside in the proposed transferee district are generally insufficient to support a change of venue. *Hartford Accident & Indem. Co. v. Dalgarno Transp., Inc.*, 618 F. Supp. 1450, 1452 (S.D. Miss. 1985). Rather, the moving party must show that witnesses are unwilling to attend a trial in that forum. *See Gdovin v. Catawba Rental Co., Inc.*, 596 F. Supp. 1325, 1327 (N.D. Ohio 1984).

Here, it appears that the parties only anticipate calling witnesses who are employees of either Republic or Beemac defendants. Importantly, Beemac defendants have not claimed that any of its potential witnesses are unwilling or unable to attend trial in Ohio. Therefore, this factor does not weigh strongly in favor of transfer. *See, e.g., Amos*, 2005 WL 8136539, at *4 (where movant did not claim that its out-of-state witnesses were unwilling to appear in Ohio, this factor did not weigh in favor of transfer).

c. *Convenience of the Parties*

"Assessing the convenience of the parties, on the other hand, requires consideration of their respective residence and abilities to bear the expense of trial in a particular forum." *U.S. ex rel. Kairos Scientia, Inc. v. Zinsser Co.*, No. 5:10-cv-383, 2011 WL 127852, at *6 (N.D. Ohio Jan. 14,

2011) (quotation marks and citations omitted); *see Steelcase, Inc.*, 210 F. Supp. 2d at 939 ("The relative size and resources of the parties is a consideration in assessing inconvenience to the parties.") The parties have offered no evidence regarding the relative ease of the parties in bearing the expense of trial in a particular venue, other than to discuss the location and importance of the various witnesses that may be required to provide testimony in this case. Nevertheless, the fact remains that Republic resides in Ohio, while Beemac defendants reside in Pennsylvania. It is, therefore, reasonable to conclude that each side would be inconvenienced by litigating in the other's choice of forum. As a result, this factor does not strongly favor either side.

   2. Public Interest Factors

       a. *Docket Congestion*

Beemac defendants cite statistics comparing the relative docket loads between the two forums that they believe demonstrate that the present case would be resolved more quickly if it was transferred to the Western District of Pennsylvania. (R. 17-1 at 13-14). "The public interest in prompt resolution of cases is a consideration in the transfer analysis, although a court 'should not . . . look to docket conditions in order simply to serve the court's own convenience.'" *Steelcase*, 210 F. Supp. 2d at 941 (quoting *Fannin v. Jones*, 229 F.2d 368, 369 (6th Cir. 1956) (per curiam)). Further, "raw figures comparing caseloads are entitled to little weight." *Id*. (citing *Micheel v. Haralson*, 586 F. Supp. 169, 172 n.5 (E.D. Pa. 1983)).

The raw figures Beemac defendants provide suggest that, on average, more cases are filed in the Northern District of Ohio than in the Western District of Pennsylvania, and that, as a result, individual actions are typically resolved more quickly in the latter district. Nevertheless, the relative speed of resolution of cases between the two districts is not so different that considerations of court congestion dictate a transfer. This factor only slightly favors transfer.

11

      b. *Familiarity with Governing Law*

"Where resolution of a diversity case requires application of state law, there is a legitimate interest in allowing the court that is most familiar with the applicable law to resolve the dispute." *Rothberg v. Gen. Motors Corp.*, No. 1:93-cv-2180, 1994 WL 121634, at *2 (N.D. Ohio Jan. 13, 1994) (citation omitted). The Supreme Court has noted the importance of "having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S. Ct. 839, 91 L. Ed. 1055 (1947), *superseded by statute on other grounds as recognized in Am. Dredging Co. v. Miller*, 510 U.S. 443, 448, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994). This factor, however, is less significant when the legal issues to be resolved are not complex. *Vassallo v. Niedermeyer*, 495 F. Supp. 757, 760 (S.D.N.Y. 1980).

Without elaboration, other than to cite to Republic's brief, Beemac defendants argue that the parties agree that "either Ohio or Pennsylvania law may apply to Republic's claims" in the present matter. (R. 17-1 at 14 (citing R. 9 at 10–11)). In the cited portion of Republic's brief, however, Republic argues that applying Ohio's choice of law analysis would likely lead to a conclusion that Ohio law applies to its claims. (R. 9 at 10–11.)

The Court finds that it need not resolve this underlying choice of law issue at this time because neither side has suggested that the resolution of Republic's claims will involve particularly complex issues of contract law. Where an action "does not appear to present any novel or complex" or "unique" issues under state law, courts have determined that one court's familiarity with the applicable law, standing alone, should not strongly factor into the transfer analysis. *See Midwest Motor Supply Co., Inc. v. Kimball*, 761 F. Supp. 1316, 1319 (S.D. Ohio 1991) (concluding that

Ohio contract law is not so unique as to strongly militate against transfer to another forum); *see also Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.*, 676 F. Supp. 2d 623, 638 (W.D. Mich. 2009) (stating that "in the absence of any legal issues which seem complex, the necessity for either court to apply another State's law would not be a weighty factor anyway") (citations omitted); *Antioch Co. v. Pioneer Photo Albums, Inc.*, No. C-3-99-270, 2000 WL 988249, at *5 (S.D. Ohio Mar. 13, 2000) (concluding that an Ohio federal court as well as the Central District of California "are equally able to address each of Plaintiff's claims" where the Ohio statute is a codification of federal law and where the breach of contract claim did not appear to raise novel or complex issues under Ohio law). Because either court is "equally able" to apply state contract law, the Court finds that this factor is neutral.

    c. *Localized Interest*

There is "'value [in] holding trial in a community where the public affected live[.]" *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 856 (S.D. Ohio 2007) (quoting *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002) (further citation omitted)). The claims in Republic's complaint involve a contract dispute between parties from two different states—Ohio and Pennsylvania. According to Republic, the alleged agreement called for Republic's steel to be transported from Ohio to New York. To transport the steel, Beemac defendants may have utilized trucks and employees that are situated in Pennsylvania. *See Beemac*, 2021 WL 2018681, at *1 (finding that, over the parties' course of dealings, Beemac "used trucks and employees located in Pennsylvania" to transport Republic's steel); *Deemac*, 2021 WL 2018716, at *1 (Deemac similarly utilized its trucks and employees located in Pennsylvania to move Republic's steel). Because both Pennsylvania and Ohio have a substantial connection to the underlying contract dispute, this factor is also neutral.

    d.  *Judicial Economy*

This leads the Court to, perhaps, the most important consideration raised by Beemac defendants' motion for transfer—judicial economy. "Courts have generally considered the ability to avoid duplicative litigation through transfer to be a weighty factor in the § 1404(a) calculus." *Limited Serv. Corp. v. M/V APL PERU*, No. 2:09-cv-1025, 2010 WL 2105362, at *5 (S.D. Ohio May 25, 2010) (collecting cases). As the Supreme Court has observed, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Cont'l Grain*, 364 U.S. at 26.

In order for a transfer to further the goal of judicial economy, it is not necessary that the case pending in the proposed transferee district be identical to the one under consideration for transfer. *See Donia v. Sears Holding Corp.*, No. 1:07-cv-2627, 2008 WL 2323533, at *4 n.2 (N.D. Ohio May 30, 2008). Rather, where the amount of overlap is significant and the chance of conflicting orders is real, transferring to a district where substantially related cases are already pending is warranted. *See Aland v. Kempthorne*, No. 07-cv-4358, 2007 WL 4365340, at *5 (N.D. Ill. Dec. 11, 2007). Beemac defendants insist that such is the case here. However, the Court finds that they have overstated the connection between the lawsuits.

Beginning with the overlap of facts and issues, although the present lawsuit may involve the same parties and share some common background facts with the litigation in Pennsylvania, the two actions are based on separate business transactions. The Pennsylvania cases involve written contracts entered into in 2019 and early 2020 for freight that was actually shipped, whereas the present Ohio litigation involves an alleged oral contract entered into on June 9, 2020, for freight that was never transported. (*See* R. 1-2 at ¶15). Though there may be some overlap in discovery—

particularly involving the history of the parties' prior course of dealings—final resolution of Republic's claims in this case will come down to whether there are facts that, if believed by a fact-finder, establish the existence and breach of the alleged oral contract and the extent of any damages. Those facts are unique to this lawsuit and would have no bearing on the Pennsylvania actions, which will focus on whether Republic breached different written agreements and the extent of any damages owed to Beemac defendants.

Moreover, in many of the cases upon which Beemac defendants rely, the proposed transferee court was in a position to resolve all issues between the parties. *See, e.g., Z-Man Fishing Prods., Inc. v. Applied Elastomerics, Inc.*, No. 2:06-cv-2022, 2006 WL 3813707, at *4 (D. S.C. Dec. 27, 2006) (noting that the transferee court "can issue a single decree resolving all of the issues between the parties"). Here, neither court is positioned to bring about a global resolution of all disputes between the parties through a ruling on the merits of the claims before it. Any ruling by Judge Stickman on the written contracts before him will not be dispositive of the issues involving the alleged oral contract presently before this Court, and so is the opposite true. Accordingly, any effort to bring all claims before a single jurist would not serve the efficient administration of justice by reducing the number of opinions and/or decisions needed to completely resolve the parties' issues.

Beemac defendants have also overstated concerns regarding the potential for conflicting rulings. Given the difference in issues and proofs on liability and damages, and for many of the same reasons already discussed, the likelihood that there will be inconsistent or competing rulings is improbable. That said, the Court can certainly envision the economies to be gained by trying all three actions, involving the same parties and some of the same background evidence, in one judicial district. However, proceeding in separate jurisdictions, the parties can avoid unnecessary

duplication by coordinating discovery so that it can be used in all three lawsuits. *See, e.g., Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*, 150 F. Supp. 3d 501, 510 (E.D. Pa. 2015) (denying motion to transfer premised on existence of second lawsuit, noting that discovery could be "cross-caption[ed]" so that it can be utilized in both lawsuits). Further, the potential for conflicting rulings or judgment, however unlikely, can be addressed through the application of preclusion doctrines. *See, e.g., id.* Finally, if the parties find it mutually beneficial, they may enter into a global settlement resolving all three lawsuits regardless of where the actions are pending.

### IV. CONCLUSION

Ultimately, the Court finds that, given the substantial differences in the pivotal events and proofs between the actions—and in light of the fact that the remaining relevant factors only weakly support transfer, are neutral, or actually counsel against transfer—Beemac defendants have failed to meet their burden of demonstrating a transfer is warranted. Therefore, for the foregoing reasons, the Motion to Transfer (R. 17) is DENIED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: July 21, 2022